**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SHENZHENSHI BORUNXING WUJIN YOU XIAN GONG SI,**<br><br>*Plaintiff*,<br><br>v.<br><br>**THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",**<br><br>*Defendants*. | **Civil Action No. 1:22-cv-6402**<br><br>**JURY TRAIL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff Shenzhenshi Borunxing Wujin You Xian Gong Si ("Plaintiff") hereby brings this design patent infringement action against the Partnerships and Unincorporated Associations identified in Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

### INTRODUCTION

1. Plaintiff files this action to combat foreign design patent infringers who trade upon Plaintiff's invention, reputation, and goodwill by selling and/or offering for sale unlicensed products, namely the three-in-one wireless chargers shown in **Exhibit 1** ("Infringing Products"). The Defendants operate several Amazon storefronts ("Defendant Amazon Stores") intended to appear to be selling genuine products, while actually selling Infringing Products to unbeknownst consumers. The Defendant Amazon Stores share unique identifiers, such as similar product images and specifications, advertising, design elements, and similarities of the infringing products themselves, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and

the full scope and interworking of their operation. Plaintiff is forced to file this action to combat Defendants' infringement of Plaintiff's patented design, as well as to protect innocent consumers from purchasing Infringing Products on Amazon. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

3. This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Defendant Amazon Stores. Specifically, Defendants are reaching out to do business with Illinois residents by operating the Defendant Amazon Stores through which Illinois residents can purchase Infringing Products. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold Infringing Products to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants are Chinese entities.

## THE PARTIES

5.     Plaintiff Shenzhenshi Borunxing Wujin You Xian Gong Si is a Chinese business entity with a principal place of business in Shenzhen, China. Plaintiff is the owner by assignment of the attached U.S. Design Patent, a true and correct copy of which is attached hereto as **Exhibit 2** ("Patent")

6.     Defendants are unidentifiable individuals and business entities who, upon information and belief, reside in the People's Republic of China.  Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the Defendant Amazon Stores.

## BACKGROUND

7.     Plaintiff sells their own wireless chargers on Amazon, which embody and practice the Patent, under the UCOMX brand.  Plaintiff's UCOMX branded wireless chargers are well established on Amazon and enjoy quality customer reviews and high ratings.

8.     Plaintiff has not granted a license or any other form of permission to Defendants to practice the Patent.

9.     On information and belief, Defendants are an interrelated group of infringers working in active concert to willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the Patent in the same transaction, occurrence, or series of transactions or occurrences.  For example, Defendants all sell and/or offer for sale the same infringing products with minor variations as well as similar if not identical product images and descriptions as shown in Exhibit 1.  Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network.  In the

3

event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

10. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Amazon Stores. On information and belief, Defendants regularly create new Amazon storefronts to allocate potential liability. Such Defendant Amazon Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

11. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Amazon Stores. The Defendant Amazon Stores include notable common features beyond selling the exact same infringing product, including the same product images, accepted payment methods, , lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, and the use of the same text and images.

12. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

13. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. On

information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

14. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe the Patent, and continue to do so via the Defendant Amazon Stores. Each Defendant Amazon Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

15. Defendants' infringement of the Patent in the offering to sell, selling, or importing of the Infringing Products is willful.

16. Defendants' infringement of the Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products in Illinois, is irreparably harming Plaintiff.

## CLAIM I: DESIGN PATENT INFRINGEMENT
## (35 U.S.C. § 271)

17. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

18. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe the ornamental design claimed in the Patent, *i.e.*, the ornamental design for a three-in-one wireless charger, as exemplified below:



19. Defendants have infringed the Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' infringing conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

20. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the Patent, Plaintiff will continue to be irreparably harmed.

21. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. offering for sale, selling, and importing any products not authorized by Plaintiff that embody or practice any reproduction, copy or colorable imitation of the ornamental design claimed in the Patent;

   b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patent; and

   c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers,

third party processors and other payment processing service providers, Amazon search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a.    disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Patented Design;

    b.    disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Patented Design; and

    c.    take all steps necessary to prevent links to the Defendant Amazon Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Amazon Stores from any search index;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of the Patent, including and not limited to all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' infringement of the Patent;

4) That the Court increase the damages up to three times the amount found or assessed, after an accounting, pursuant to 35 USC § 284;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) Any and all other relief that this Court deems just and proper.

DATED: November 15, 2022                    Respectfully submitted,

                                            By: */s/ David R. Bennett*
                                            David R. Bennett
                                            **DIRECTION IP LAW**
                                            P.O. Box 14184
                                            Chicago, Illinois 60614
                                            Tel: (312) 291-1667
                                            dbennett@directionip.com

                                            Of Counsel:
                                            Stevenson Moore V
                                            Texas Bar No. 24076573
                                            smoore@nilawfirm.com
                                            Timothy T. Wang
                                            Texas Bar No. 24067927
                                            twang@nilawfirm.com

                                            **NI, WANG & MASSAND, PLLC**
                                            8140 Walnut Hill Ln., Ste. 500
                                            Dallas, TX 75231
                                            Tel: (972) 331-4600
                                            Fax: (972) 314-0900

                                            *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of November, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                            */s/ David Bennett*
                                            David Bennett